**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dewitt NOBLES, Defendant-Appellant.**

**No. 48741.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 15, 1985.

Frank A. Anzalone, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

In a jury-waived trial defendant was found guilty of unlawful possession of amphetamines and marijuana in excess of 35 grams. After a pre-sentence investigation he was sentenced to concurrent terms of one year imprisonment and execution of sentence was suspended. On appeal his sole point is the failure of the state to prove that he had knowing possession of the narcotics.

We review the evidence and all reasonable inferences arising therefrom in the light most favorable to the state. *State v. Wiley,* 522 S.W.2d 281, 292 (Mo.banc 1975). The testimony in this case consisted of a single witness, Detective Barry Berry. He and other officers conducted a surveillance of the house at 5424 Page Avenue for more than one week. Defendant had been observed entering the house on different oc-

casions as had approximately 10 other persons. Some of them, although not defendant, were known to the officers as drug users. Armed with a warrant to search the premises, the officers stopped defendant outside of the house. From him they took a set of keys, one of which unlocked the front door of the house. They entered and conducted a search of the three-story, 10 room house. Only the first floor was furnished. Some undescribed men's clothing was found in the house and, on the second floor, a ladies' fur stole. On the third floor a bag and a pile of marijuana, stipulated to be in excess of 35 grams, was discovered in a closet. In the basement 64 foil-wrapped packets containing a powdery substance analyzed as amphetamines were found on a table. Also seized by the officers from undisclosed locations in the house were a scale, plastic bags and an overnight case containing $6,160.23. In a dresser in a bedroom three pieces of mail addressed to the defendant were found.[1] Present in the house when the officers entered was an unidentified adult female. Defendant made no statement. There was no evidence regarding ownership or rental of the house. No connection was shown between the defendant and the male clothing found in the house. During the surveillance he was never observed anywhere in the house other than entering the first floor. There is no evidence that the other 10 individuals who were seen entering the house were admitted by the defendant. The record is silent regarding the manner in which they gained entry.

To sustain a conviction for possession of a controlled substance under § 195.020, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established. *State v. Burns,* 457 S.W.2d 721 (Mo.1970); *State v. Polk,* 529 S.W.2d 490 (Mo.App.1975). The state must also show that the defendant

was aware of the presence and nature of the substances in question. *State v. Wiley,* 522 S.W.2d 281, 292 (Mo.banc 1975). Both possession and knowledge may be proved by circumstantial evidence. If actual possession has not been shown, "constructive possession will suffice when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance." *State v. West,* 559 S.W.2d 282, 284 (Mo.App.1977). Exclusive control of the premises on which controlled substances are found raises an inference of possession and control of those substances. *State v. Funk,* 490 S.W.2d 354, 360 (Mo.App. 1973). But if there is joint control of the premises, some further evidence is necessary to connect the accused with the drugs. *Id.* at 361. The presence of large quantities of a controlled substance *may* buttress such an inference *if* consistent with the totality of circumstances. *State v. Stewart,* 542 S.W.2d 533, 538 (Mo.App.1976).

*State v. Barber,* 635 S.W.2d 342, 343–44 (Mo.1982).

Acknowledging these frequently repeated principles, the state argues that the evidence in this case establishes defendant's exclusive possession of the Page Avenue residence. We cannot agree. The combination of his possessing a key to the front door, receiving mail at that address and entering the house on an undisclosed number of different occasions during one week falls far short of establishing exclusive possession of the premises. As in *Barber,* "the state's evidence established ... that defendant did *not* have exclusive use of possession of the premises." *Id.* at 344. Not only was the unidentified female in the house at the time the police entered, but the state's evidence also disclosed frequent entry into the house by approximately 10 other people. The evidence is silent as to how or when the narcotics were brought to the house, and also silent as to

---

1. We assume from the argument of counsel regarding the admissibility of these letters that the address was that of the Page Avenue house. That fact is not disclosed by the testimony and the letters have not been filed as exhibits on this appeal.

how long defendant had been away before being stopped outside of the house after the officers obtained the search warrant. The state argues the female occupant should be considered a guest because of the absence of female clothing from the house and that defendant should be considered a resident because of the presence of male clothing. But this male clothing was not shown to belong to the defendant. The evidence reflects no greater relationship between defendant and the clothing than it does between defendant and the narcotics.

The state's argument asks us to infer from defendant's possession of the key and from the letters addressed to him that he resided in the Page Avenue house, and further to infer from the clothing that he was the sole resident, and further to infer from these inferences that he had exclusive control of the premises, which leads to the additional inference that he had constructive possession of the substances found therein. This is the very type of "attenuated reasoning" which underlies the proscription against inference stacking. *See State v. Falkner*, 672 S.W.2d 373, 376 (Mo.App. 1984). In *Falkner*, actual ownership of the premises was held to be an insufficient basis for an inference of defendant's constructive possession of narcotics in view of evidence of cohabitation with another in the house.

The inference that one who has exclusive control of premises also has knowledge and constructive possession of narcotics found therein is predicated upon the teaching of human experience that narcotics are rarely, if ever, found unaccountably in a person's living quarters. *State · v. Wiley*, 522 S.W.2d at 292. However, where use and control of the premises is not exclusive, this predicate is diluted and the inference is no longer compelling in the absence of " 'some further evidence or admission connecting the defendant with the illegal drugs.' " *Id.* (*quoting State v. Funk*, 490 S.W.2d 354, 360 (Mo.App.1973)). Thus, in *Wiley*, it was only the defendant's admission that he knew about the drugs in the refrigerator when added to his presence

with others that made the case submissible. 522 S.W.2d at 292–93. Similarly, admissions by the defendants coupled with their presence in, but not exclusive control of, premises where narcotics were found supported the convictions in both *State v. Stewart*, 542 S.W.2d 533 (Mo.App.1976), and *State v. Dethrow*, 674 S.W.2d 546 (Mo. App.1984). In *State v. Funk, supra,* the absence of any such admission or other evidence showing a direct connection between the defendant and over 100 tablets containing illegal drugs was held to be fatal, even though the defendant lived on the premises with his wife and teenage stepson. 490 S.W.2d at 360–63. In *State v. Barber, supra,* defendant's presence with others in a room in which over 1,000 pills and capsules were openly displayed was held to be insufficient to support his conviction of possession. 635 S.W.2d at 344–45.

Many factual similarities exist between the instant case and *State v. Reynolds*, 669 S.W.2d 582 (Mo.App.1984). There, the defendant was arrested in a one-bedroom duplex wherein illegal drugs were found. Others were present at the time. An envelope addressed to the defendant at that address was found on the premises. During earlier surveillance of the residence, defendant had been observed coming and going on four or five occasions, but so had others. Nine days after the search of the duplex, when detained by police on another unrelated matter, defendant stated that he lived at the address where the narcotics were found. Notwithstanding this admission and the envelope addressed to the defendant, the fact that other persons were on the premises and had access to the narcotics was held to have destroyed any inference of constructive possession thereof by the defendant. His possible joint control of the premises and his proximity to the location of the drugs, in the absence of any other evidence pointing to the defendant's knowledge and control thereof, were held insufficient to make a submissible case.

Similarly, in the instant case, even if we infer from defendant's possession of the key and the letters addressed to him that he resided at the Page Avenue residence, the evidence is contraindicative of his exclusive control thereof. There is no further evidence or admission connecting the defendant with the drugs as required in cases of joint control of the premises under the rule enunciated in the cases cited above.

Accordingly, the judgment of conviction must be reversed. Because the reversal is premised upon the insufficiency of the evidence, the case is not remanded for a new trial. *Barber*, 635 S.W.2d at 345; *Reynolds*, 669 S.W.2d at 584. The trial court is directed to enter a judgment of acquittal.

CRIST, P.J., and KAROHL, J., concur.