STATE of Missouri, Respondent,

v.

Mark S. McCLAIN, Appellant.

Nos. 21706, 21716.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 1998.

James M. Pree, Alan G. Kimbrell, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ann R. Littell, Catherine B. Chatman, Asst. Attys. Gen., Jefferson City, for Respondent.

CROW, Judge.

Appellant was charged with the class B felony of attempt to manufacture methamphetamine, a controlled substance. § 195.211, RSMo 1994. After waiving trial by jury, Appellant was tried by the court, found guilty, and sentenced to eight years' imprisonment. Appellant brings this appeal [1] from that judgment.

1. This appeal bears two numbers. That is because the lawyer who represented Appellant at trial filed a notice of appeal, and the lawyer who represents Appellant in this court also filed a notice of appeal. The latter notice was filed three days after the former; both were timely.

The charge against Appellant arose from the same incident as the charge against the accused in *State v. Condict*, 952 S.W.2d 784 (Mo.App. S.D.1997), and the charge against the accused in *State v. Janson*, 964 S.W.2d 552 (Mo.App.S.D.1998).[2] The accused in *Condict* and the accused in *Janson* were, like Appellant, charged with attempt to manufacture methamphetamine.

A comprehensive account of the facts appears in *Condict*; an equally comprehensive account appears in *Janson*. It is unnecessary for this opinion to recite a third account.[3]

In both *Condict* and *Janson*, this court held the evidence insufficient to support the accuseds' convictions. This court reversed the conviction in each of those cases and remanded each case, directing the trial court to enter a judgment of acquittal and discharge the accused.

Appellant's brief presents three points relied on, the second of which avers the evidence was insufficient to support the conviction.

Despite this court's holdings in *Condict* and *Janson*, the State maintains Appellant's conviction should be affirmed. According to the State, the evidence made a stronger case against Appellant than against the accuseds in *Condict* and *Janson*.

This opinion henceforth refers to the accused in *Condict* by the first letter of his surname, "C," and to the accused in *Janson* by the first letter of his surname, "J." The purpose of that is to differentiate each accused from the title of his case, as each accused and each case are hereafter mentioned in this opinion.

Appellant and C were in the "service area" inside the garage building when deputy sheriff Fowler entered the building. Fowler saw Appellant throw something into a nearby truck body. After ordering Appellant and C to lie on the floor, Fowler retrieved a loaded automatic pistol from the truck body.

Another deputy sheriff — Haynes — summoned Fowler to the garage office. There, inside a closet, Fowler saw the blue bag containing jars[4] and items "consistent with . . . meth lab equipment."

Fowler arrested Appellant and C for "attempt to manufacture." Fowler then searched Appellant, discovering two "small black pouches." One pouch contained "a couple of packages of powder." The powder later "tested positive" for amphetamine and methamphetamine.

Officers took the three arrestees[5] to jail. There, Haynes read Appellant his "Miranda rights."[6] Asked whether Appellant thereafter said anything "about this [blue] bag," Fowler testified: "He said that it had been behind the garage when they got there and Mr. Jansen had brought it inside the garage."

A review of the opinion in *Condict* reveals three differences between the evidence as to Appellant and the evidence as to C: (1) inferably, the loaded automatic pistol Fowler retrieved from the truck body was tossed there by Appellant; (2) Appellant had on his person a small package of powder that "tested positive" for amphetamine and methamphetamine; (3) Appellant told Haynes the blue bag was behind the garage when "they" arrived and J brought it inside. Inasmuch as this court held the evidence insufficient to

---

**2.** The appeal in *Janson* was number 21731 in this court. The accused's surname is spelled "Janson" in that opinion; his surname is spelled "Jansen" in the *Condict* opinion.

**3.** The evidence in each of the three cases was identical in that all of it was presented at a consolidated preliminary hearing for the three accuseds. Each accused thereafter agreed with the prosecutor that the trial court could decide the case as to each accused on the record of the preliminary hearing.

**4.** The jars contained substances later identified as methamphetamine and pseudoephedrine. According to Fowler, pseudoephedrine is necessary to "start the process" of manufacturing methamphetamine.

**5.** J was arrested before the blue bag and its contents were found. Fowler had a warrant from another county for J's arrest.

**6.** Inferably, the warning ritual required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

support the conviction in *Condict*, the issue presented by Appellant's second point is whether the differences enumerated in the preceding sentence warrant a contrary holding in the instant case.

As reported in *Condict* and *Janson*, officers discovered a holstered gun under J's coat when they arrested him. In *Janson*, this court held J's possession of the gun did not lead to a reasonable conclusion that he possessed the blue bag or its contents, or that he controlled the premises where those items were found. This court explained there are numerous reasons why J may have carried the gun, and that many people have weapons but do not manufacture controlled substances.

The same rationale applies to Appellant. Adhering to *Janson*, this court holds Appellant's possession of the pistol does not support a reasonable conclusion that he possessed the blue bag or its contents.

As to the package of powder on Appellant's person [7] that "tested positive" for amphetamine and methamphetamine, the State does not contend that such powder was a substance used in the *manufacture* of methamphetamine. As this court comprehends the State's brief, the only significance the State attaches to the powder is that it "indicates that Appellant had a familiarity with methamphetamine." The State reminds us that when the blue bag was discovered in the closet, it was unzipped. The State argues this supports a reasonable inference that Appellant "had knowledge of the contents of the bag and their nature."

The argument is unpersuasive. Although Appellant told Haynes that the blue bag was behind the garage when "they" got there, nothing in the evidence indicates the bag was then unzipped. However, even if it was, there is no evidence that Appellant was close enough to the bag to see what was in it. Furthermore, even if he saw the contents, and even if he recognized them as items used to manufacture methamphetamine, such knowledge alone does not support a finding that Appellant had possession of the items.

As to Appellant's statement to Haynes that J brought the blue bag into the garage, the State fails to explain how such statement indicates Appellant possessed the bag or its contents. The statement reveals only that the bag was behind the garage and J brought it inside.[8] The statement does not indicate Appellant ever had joint possession with J of the bag or its contents.

This court holds the differences between the evidence as to Appellant and the evidence as to C are not significant enough to justify a holding that the evidence as to Appellant is sufficient to support the conviction. The same is true regarding the differences between the evidence as to Appellant and the evidence as to J. Accordingly, this court finds Appellant's second point meritorious. That makes it unnecessary to consider Appellant's other two claims of error.

Consistent with *Condict* and *Janson*, this court reverses the judgment of conviction and remands this case to the trial court with a directive to enter a judgment of acquittal and discharge Appellant.

GARRISON, P.J., and BARNEY, J., concur.

---

7. Appellant's first point avers the trial court erred in denying Appellant's motion to suppress the powder in that the search of Appellant's person was unlawful. Appellant emphasizes that the officers had no warrant for his arrest and argues there was no probable cause to arrest him. As explained *infra*, it is unnecessary to decide Appellant's first point.

8. A footnote in the argument following Appellant's first point asserts that if Appellant's statement to Haynes is incriminatory, it would be the "fruit of the poisonous tree" and should be suppressed, as Appellant's arrest and the search of his person were unlawful. This court is not required to consider that contention, as it is not raised in any point relied on in Appellant's brief. Appellate review is made of only issues raised in the points relied on in an appellant's brief. *State v. Adams*, 808 S.W.2d 925, 930[3] (Mo.App. S.D. 1991). A claim of error not set forth in a point relied on is not preserved for appellate review. *Id.*