STATE of Missouri, Respondent,

v.

Darryl MOSES, Appellant.

No. ED 90009.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 30, 2008.

Craig A. Johnston, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Judge.

### Introduction

Darryl Moses appeals his conviction for cocaine possession, arguing that insufficient evidence supported the jury's verdict. Because we agree that no rational trier of fact could have found the elements of constructive possession beyond a reasonable doubt—principally because the State did not carry its burden to prove that Moses exercised dominion or control over the drugs—we reverse.

### Factual and Procedural Background

In October 2005, the Lincoln County SWAT Team obtained a search warrant for a two-bedroom mobile home in Lincoln County, owned by Darryl Moses' mother. The affidavit accompanying the warrant explained that a confidential informant had three times purchased drugs from two different persons at that address in the past week, though the informant did not identify Moses as one of the sellers.

As the officers approached the mobile home, two men fled the residence. One was Moses, as Deputy Roger Mauzy, who recognized Moses from past encounters, testified. Although Moses escaped, the officers apprehended the other man. The officers also found two more men still inside the house: one stood in the hallway that led from the living room to the bedroom, and the other hovered near the couch in the living room.

Officers then searched the residence. In the kitchen they found rocks of cocaine and a pipe that was still warm; in the living room, a bag of marijuana, a box of bullets, and a copper filament; in one bedroom, a sawed-off .22 rifle under the bed and some of Moses' personal items in plain view, including mail addressed to him at

the mobile home and his non-driver identification card.

Police eventually found and arrested Moses, and the State later charged him with possession of cocaine, § 195.202, RSMo. (2000),[1] and possession of a prohibited weapon, § 571.020. A jury acquitted Moses of the latter charge, but found him guilty of the former, and the trial court sentenced Moses to ten years in prison. This appeal follows.

### Standard of Review

■ Moses challenges the sufficiency of the evidence to support his conviction for possession of cocaine. On appeal, we must accept as true all evidence favorable to the verdict, including all reasonable inferences, and we must disregard all inferences contrary to the verdict. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). However, we may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001). Our ultimate inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Chaney,* 967 S.W.2d 47, 52 (Mo.1998) (quoting *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

### Discussion

■ There are two elements the State must prove in order to convict the defendant of possession: 1) conscious and intentional possession of the substance, either actual or constructive, and 2) awareness of the presence and nature of the substance.

*State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992). Moses concedes that he knew of the presence and nature of the drugs, and in fact, that is why he fled the scene. Therefore, the issue is whether he had possession over the cocaine.

■ Possession can be actual or constructive. § 195.010(34). Where, as here, possession is not actual,[2] the State must show constructive possession buttressed by additional facts. *E.g., State v. Morris,* 41 S.W.3d 494, 497 (Mo.App. E.D.2000). Constructive possession requires a showing that the accused had the power and intention to exercise dominion or control over the substance either directly or through another person. § 195.010(34). Exclusive possession of the premises where contraband is found is enough evidence to infer possession and control; but in cases of joint possession, the State must put forth some additional indicia of control to connect the defendant to the contraband. *See State v. Buford,* 907 S.W.2d 316, 318 (Mo.App. E.D.1995).

■ This is a joint-possession case, despite the State's argument that Moses had exclusive possession of the trailer. First, three other people were at the home when police found the drugs. Second, the confidential informant reported that, when she bought the drugs, others were present besides Moses. Third, although police found Moses' personal items in one bedroom— suggesting perhaps that he exclusively possessed that bedroom—police found no drugs in that room. Fourth, Moses' mail had different addresses appearing on each piece, the address of the trailer and of the trailer next door, which his mother also owned. Finally, Officer Mauzy testified

---

1. All statutory references are to RSMo. (2000).

2. Actual possession requires that the contraband be found on the defendant's person or within his or her reach. § 195.010(34). Here, Moses was not present with the contraband.

that he knew Moses lived at the trailer police searched, but the State offered no specific evidence as to whether Moses was the sole resident. While it was reasonable for the jury to conclude Moses did reside at the trailer given all the evidence, it was not reasonable to infer he had exclusive possession of the premises. Thus, the additional inference that Moses possessed the drugs therein is unwarranted, *see State v. Nobles*, 699 S.W.2d 531, 533 (Mo.App. E.D.1985), and the State must show additional evidence connecting Moses with the contraband in order to constructively prove possession.

■ That being so, several types of additional evidence might connect a defendant to the contraband and support a guilty verdict. A non-exhaustive list includes: 1) a defendant's routine access to the area in which contraband is kept, 2) the presence of large quantities of drugs at the scene where the defendant is arrested, 3) admissions by the defendant, 4) the defendant's close proximity to drugs or drug paraphernalia in plain view of the police, and 5) commingling of the defendant's personal belongings with the drugs. *State v. Morris*, 41 S.W.3d 494, 497 (Mo. App. E.D.2000) (citing cases). Additional factors that can tip the scale in favor of sufficiency include a defendant's flight from police, *State v. Keeper*, 787 S.W.2d 887, 890 (Mo.App. E.D.1990); and a defendant's act of concealing the contraband, *State v. Burnett*, 955 S.W.2d 785, 786 (Mo. App. E.D.1997). There is no precise formula: we assess each case on its own facts, looking to the totality of circumstances. *See Purlee*, 839 S.W.2d at 589.

■ In addition to Moses' residence at the trailer, the State puts forth the fact that Moses fled upon the arrival of police. Flight can be probative of guilt, and certainly supports a finding of possession if consistent with the totality of circumstances, but a conviction cannot rest on flight alone. *See State v. Franco–Amador*, 83 S.W.3d 555, 558–59 (Mo.App. W.D. 2002). In the instant case, Moses admitted to knowing of the contraband, and his flight is consistent with that knowledge. However, considering the totality of the circumstances, we do not agree that Moses' routine presence at the trailer and his flight sufficed to show he exercised dominion or control over the drugs.

First, while Moses had routine access to the residence, the evidence showed many others did as well. *See State v. Nobles*, 699 S.W.2d 531 (Mo.App. E.D.1985); *see also State v. McClain*, 968 S.W.2d 225 (Mo.App. S.D.1998). Second, police arrested Moses at a later date, and there is no evidence there were any drugs in his presence at the time of his arrest. In fact, officers did not see Moses in proximity to the drugs at any time. *See State v. May*, 71 S.W.3d 177 (Mo.App. W.D.2002) (reversing possession conviction for drugs found in a trash bag that officers had seen in arm's reach of defendant at one point, but officers had not seen defendant consuming or holding anything).[3] Additionally, Moses did make an admission, but only as to knowledge of the presence of the cocaine, not to possession. Finally, though the police did find some of his personal belongings in the residence, they were in a bedroom and not mixed with the drugs found in the kitchen. Considering all circumstances, we do not find enough additional evidence of control to conclude Mo-

---

3. The State distinguishes this case based on the fact that the defendant there was charged with possession with intent to distribute, rather than simply possession. *May*, 71 S.W.3d at 180. However, the element of possession at issue in *May* is the same at issue here, namely, the defendant's control over the contraband. *Id.* at 184.

ses constructively possessed the drugs.[4]

### Conclusion

We find the State did not carry its burden to prove beyond a reasonable doubt that Moses exercised dominion and control over the drugs. Thus, the jury did not have sufficient evidence to convict Moses of possession.

JUDGMENT REVERSED, SENTENCE VACATED, DEFENDANT ORDERED DISCHARGED.

NANNETTE A. BAKER, C.J., and LAWRENCE E. MOONEY, J., concur.

---

4. The State argues that reaching such a result with evidence the State says suggests two competing inferences means we are impermissibly following the now-defunct "equally valid inferences" rule. *See State v. Chaney*, 967 S.W.2d 47, 54 (Mo. banc 1998). However, considering the totality of circumstances requires us to take into account evidence that might cut both ways. We do not create a makeshift balance sheet to decide; we look to see whether in light of all that evidence, a reasonable inference can be made in favor of the verdict. If so, we make it. Here, we are not dealing with two equally valid inferences; rather, we categorically disagree that it would be reasonable to infer Moses' control over the contraband based on the totality of circumstances.