STATE of Missouri, Respondent,

v.

Thomas Mark HOGAN,
Defendant/Appellant.

No. ED 91919.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 8, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 21, 2009.

Jessica Hathaway, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Thomas Hogan, appeals the judgment entered by the Circuit Court of the City of St. Louis, following his conviction by a jury of two counts of engaging in unlawful merchandising practices, a class D felony in violation of section 407.020 RSMo. (2000).[1] The trial court sentenced Hogan to four years' imprisonment on each charge, to be served concurrently, but suspended execution of the sentence and placed him on probation for five years. Because we conclude that the State failed to adduce sufficient evidence to support conviction on either count, we reverse.

The alleged victim, Angela Jones, was the only person to testify at trial. Viewed in the light most favorable to the verdict, the evidence revealed that Jones signed a contract with Hogan on May 27, 2006 wherein Hogan agreed to make several repairs to Jones's home, including replac-

---

1. All statutory references are to RSMo. (2000) except as otherwise indicated.

ing the kitchen floor and painting the home's exterior. Jones paid Hogan half the agreed price in advance, and Hogan thereafter worked on a repair project in Jones's foyer for about seven non-consecutive days. Hogan and Jones entered into an updated contract on June 16, 2006, wherein the parties agreed to several additional repair jobs for an additional sum, which Jones did not pay. Hogan did not complete the work, ignored Jones's telephone calls and notes, and failed to give her a promised refund. Jones filed a consumer complaint with the Attorney General's office on July 31, 2006. The Attorney General's office thereafter procured Hogan's indictment on the instant criminal charges.

At trial, the court allowed the State to tell the jury in its opening statement and in closing argument that Hogan was convicted on seven counts for the "same thing" in St. Louis County. In its opening statement, the State told the jury that Hogan pleaded guilty to seven counts of unlawful merchandising practices in St. Louis County less than two weeks before contracting with Jones in the instant case "for the same kind of thing again, telling her he'll do work on her house and accepting advanced payments for it and failing to do so." Hogan objected, and the trial court granted his request that only the charge, date, and disposition of his prior offenses be admitted.

In a sidebar, the trial court admitted State's Exhibit 3, which consisted of the judgment and sentence and the guilty-plea forms on Hogan's prior convictions. Exhibit 3 reveals that Hogan entered an Alford plea[2] in May 2006 in the Circuit Court of St. Louis County to seven counts of unlawful merchandising practices. The incidents giving rise to the plea occurred between August 2002 and April 2004, but Exhibit 3 contains no details about the basis for the prior charges. The trial court stated that Exhibit 3 was admitted but would not be published to the jury. No one informed the jury what Exhibit 3 was or what it contained. Indeed, the court assured defense counsel that the jury would never see the exhibit. In sum, the State adduced no evidence whatsoever before the jury or available to it about the prior offenses.

In its closing argument, the State again cited Hogan's guilty pleas in St. Louis County. Over Hogan's objection, the State told the jury, "That's his pattern and practice." And then, "Telling people he would do work on their homes, accepting money for the same.... They rely on those misrepresentations. Then he doesn't complete the work or does minimal work. That's where the intent is. That's his game, and he did it to Ms. Jones, too." The trial court instructed the jury, over Hogan's objection, that it could consider evidence of Hogan's prior convictions in connection with the issue of intent or common scheme or plan. During its deliberations, the jury sent the following questions to the court in three separate notes, each of which the court declined to directly answer.

Was [sic] the previous charges in the county criminal charges? Or civil?

\*   \*   \*   \*   \*   \*

Why couldn't Angela Jones try Mr. Hogan in a civil case and only in a criminal?

Could the state bring up the evidence of his prior criminal charges without Mr. Hogan taking a[sic] stand?

\*   \*   \*   \*   \*   \*

2. An Alford plea is a guilty plea based on principles set forth in *North Carolina v. Al-* *ford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

After receiving a letter from the A[ttorney] G[eneral]'s Office, did Mr. Hogan have an opportunity to pay back Ms. Jones or take any action? And if so, how much time?

On the second day of deliberations, the jury returned verdicts of guilty.

In five points on appeal, Hogan claims that the trial court erred in denying his motion for judgment of acquittal, that the trial court abused its discretion in allowing the State to announce Hogan's prior convictions during opening statement and to use evidence of those convictions, and that the court erred in entering judgment on the second count because it violated the Constitutional prohibition on double jeopardy.

Hogan asserts that the evidence was insufficient to support a conviction on either count because the State's evidence failed to establish that he had the intent to defraud Jones at the time he agreed to perform home repairs for her. Because the evidence and claimed errors are interrelated, we consider them together, and we find them dispositive of Hogan's appeal.[3]

■ The State charged Hogan with two counts of committing unlawful merchandising practices in violation of section 407.020.[4] The State charged that Hogan offered to sell home-repair services and misrepresented that, for an advance fee, he would remove and replace Jones's kitchen floor and paint the exterior of her house, when in fact, he did not intend to make those repairs and that he willfully and knowingly made the misrepresentations with the intent to defraud. Thus, the charged misrepresentations related to Hogan's state of mind. The State charged that at the time of the original home-repair agreement, Hogan had no intention of completing the assigned repairs.

When a defendant challenges the sufficiency of the evidence, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). We cannot, however, supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Moses*, 265 S.W.3d 863, 865 (Mo.App. E.D.2008). We limit our review to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Grim*, 854 S.W.2d at 405. The ultimate question is whether the evidence and inferences favorable to the verdict are sufficient to allow a reasonable juror to conclude that Hogan lied to Jones when he claimed that he intended to perform the assigned repairs when he signed the original home-repair agreement.

Historically, the State typically charged such offenses as larceny by trick and stealing by deceit. Thus, the statutory defini-

---

3. Because we conclude that neither charge should have been submitted to the jury given the dearth of evidence, we do not address the complaint of double jeopardy.

4. Section 407.020.1 provides in relevant part that:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... is declared to be an unlawful practice.

The term "merchandise" includes services. Section 407.010(4). The willful and knowing engagement in any action declared unlawful by section 407.020, done with the intent to defraud, is a class D felony. Section 407.020.3.

tion of "deceit" for stealing offenses informs the law relative to misrepresentation and fraudulent intent. Section 570.010(7) RSMo. (2000 & Supp.2008) provides that, " 'Deceit' means purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind.... *Deception as to the actor's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise* [.]" (Emphasis added.) Here, in essence, the State charged that Hogan promised to perform certain repairs to Jones's home, having no such intention. But the State presented no evidence to the jury beyond Hogan's failure to fully perform his promise and his unresponsiveness with regard to that failure. And we note that the State's evidence included Hogan's partial performance of an assigned repair by working at Jones's home for seven nonconsecutive days. Therefore, the State failed to adduce sufficient evidence for the jury to find Hogan guilty beyond a reasonable doubt of acting with intent to defraud.

The State sought to use Hogan's prior convictions as evidence and attempted to inform the jury of Hogan's priors in opening statement and closing argument. The jury was instructed that it could consider evidence of Hogan's prior convictions in connection with the issue of intent or common scheme or plan. The State now argues on appeal that evidence of the prior convictions was admissible to prove Hogan's intent.

▮ Generally, proof of a defendant's commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he or she is on trial. *State v. Vorhees,* 248 S.W.3d 585, 587 (Mo. banc 2008); *State v. Frezzell,* 251 S.W.3d 380, 384 (Mo.App. E.D.2008). A number of well-established exceptions to the general ban on evidence of prior crimes exists and include: 1) motive; 2) intent; 3) absence of mistake or accident; 4) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and 5) identity of the person charged with commission of the crime on trial. *Vorhees,* 248 S.W.3d at 588; *Frezzell,* 251 S.W.3d at 384. Admission of evidence of other crimes is common in cases involving fraud or false pretenses because the required mental state must ordinarily be shown by circumstantial evidence. *State v. Shaw,* 847 S.W.2d 768, 778 (Mo. banc 1993).

▮ But here the State presented the jury with no evidence of Hogan's prior crimes. "[U]nsworn remarks of counsel in opening statements, during the course of trials or in arguments are not evidence of the facts asserted." *State v. Forrest,* 183 S.W.3d 218, 226 (Mo. banc 2006). The trial court admitted State's Exhibit 3, which consisted of the certified sentence and judgment of conviction and Hogan's guilty-plea forms from St. Louis County, but the court never published the exhibit to the jury. We frankly do not understand the trial court's ruling. When a judge admits evidence, the fact-finder may, by virtue of such admission, consider it. The State proffered the convictions as evidence of Hogan's intent, an issue that the jury must resolve. Here, the court denied the jury any ability to consider the exhibits, but freely allowed the State to argue their effect. Other than Exhibit 3, the State did not proffer or adduce any evidence concerning Hogan's prior convictions.[5] And

---

5. Because we hold the evidence otherwise

insufficient, we need not consider the rele-

yet the court allowed the State to argue to the jury in both its opening and closing about Hogan's prior convictions—that the convictions were for the same thing as the instant charge and that they constituted part of a "pattern and practice"—assertions wholly unsupported by the evidence before the jury. Then the court specifically instructed the jury that it could consider such "evidence." Here, the State's assertions about Hogan's prior convictions amounted to nothing more than improper propensity argument.

■■■ The State maintains on appeal that the trial court erred in ruling that no details of Hogan's prior offenses would be presented to the jury, and that Hogan cannot now complain of this invited error. The State misunderstands the nature of this rule. "[A] party cannot complain on appeal of any alleged error in which, by his or her own conduct at trial, he or she joined in or acquiesced to." *State v. Fackrell,* 277 S.W.3d 859, 865 (Mo.App. S.D. 2009); *Johnson v. Moore,* 931 S.W.2d 191, 195 (Mo.App. E.D.1996). Importantly, Hogan does not complain of a trial-court error which he encouraged. Rather, he simply complains that the evidence was insufficient to support his convictions. Even if Hogan's objections contributed to the insufficiency of the evidence, the fact remains that the jury had no evidence before it concerning his prior convictions. The State's remarks were not evidence, *id.,* and we cannot supply missing evidence for the State, *Moses,* 265 S.W.3d at 865.

We conclude that the State did not carry its burden to prove beyond a reasonable doubt that Hogan engaged in unfair merchandising practices with the intent to defraud. Thus, the jury did not have sufficient evidence before it to convict him.

vance and remoteness of the evidence that Hogan deceived other persons, over two years

The judgment is reversed, sentence vacated, and the defendant ordered discharged.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.

before the instant offenses.