

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| KERRY L. WRIGHT, | ) | No. ED101999 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Monroe County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | Honorable Rachel L. Bringer Shepherd |
| STATE OF MISSOURI | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed: August 4, 2015 |

## Introduction

Kerry Wright (Movant) appeals the motion court's denial, after an evidentiary hearing, of his Rule 29.15 amended motion for post-conviction relief. In his sole point relied on, Movant contends that the motion court erred by denying his motion because defense counsel rendered ineffective assistance by not calling Movant's father as a witness. Movant argues that his father's testimony would have contradicted Victim's testimony, creating a reasonable probability that the outcome of the trial would have been different. We affirm.

## Factual Background

Movant and Victim, who had two children together, had an ongoing relationship that ended in March or April of 2011. Around 4 p.m. on May 4, 2011, Victim arrived to pick up the children from Movant's father's home, where Movant resided. Movant invited Victim inside to talk and Victim complied. Once inside, Movant asked Victim why she did not want to be with

him and promised her that "everything would change." Victim tried to leave with her children, but Movant grabbed Victim's arm, pulled her back, and told her she could not leave. Movant then took Victim to the bedroom and began asking her questions about another man. Apparently, Movant did not like Victim's answers and using his fist, he struck Victim several times on her head, specifically on her eye and behind her left ear. Movant struck Victim a "couple more times" after reading Victim's text messages. Movant then retrieved a gun and returned to the bedroom, where he told Victim that they were both going to die that night, pointed the gun at her head, and asked her if she had any last words. Later, the altercation moved to the kitchen, where Movant placed the gun in Victim's hand, brought the gun against his own head, and begged her to shoot him. Victim remained at the house that night because she feared Movant would become violent if she tried to leave. Victim reported the incident the next day, but Movant was not apprehended for several more months. In July 2011, Movant was finally apprehended and, shortly thereafter, charged with multiple felony counts.

After a jury trial, the circuit court entered a judgment consistent with jury's verdict, convicting Movant of felonious restraint, armed criminal action, second-degree domestic assault, and unlawful use of a weapon. This Court affirmed his conviction on direct appeal. *State v. Wright*, 397 S.W.3d 35 (Mo. App. E.D. 2013).

Movant timely filed an amended motion for post-conviction relief arguing, in part, that counsel's performance was ineffective for failing to call his father, Elmer Talton, to testify at trial. The motion court held an evidentiary hearing, at which Talton testified that he was at his house on the night of the incident, that he did not see or hear Movant assault Victim, and that his son never owned or used guns. Talton also confirmed the testimony of defense counsel and

2

counsel's investigator that they had contacted him to testify but that he had been unwilling.[1]  The motion court denied Movant's motion for post-conviction relief, reasoning that Talton's testimony did not provide Movant with a viable defense and further that Talton, as an "unwilling witness, could have harmed Movant's trial strategy."  Movant appeals.

## Standard of Review

Appellate review of a trial court's ruling on a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k).  The trial court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made.  *Helmig v. State*, 42 S.W.3d 658, 666 (Mo. App. E.D. 2001)

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance fell below the standard of reasonable effectiveness; and (2) that the movant was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the first prong of the *Strickland* test, a movant must overcome a strong presumption that the acts and omissions of his counsel were part of sound trial strategy and that counsel's conduct was within the range of reasonable assistance.  *Id*. at 689.  To satisfy the second prong, a movant must show a reasonable probability that, but counsel's ineffectiveness, the outcome of the trial would have been different.  *Id*. at 694.  "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome."  *Id*.  If a movant fails to satisfy either prong of the *Strickland* test, there is no reason for a court to consider the other prong.  *Id.* at 697.

---

[1] Talton's testimony regarding his willingness to testify is equivocal.  In his testimony, Talton indicates that he does not remember whether he was willing to testify at trial, that he did not want to testify at sentencing, and that had he known about the gun charge he would have been willing to testify.

3

**Discussion**

In his sole point, Movant contends that the motion court erred by denying his motion for post-conviction relief because counsel rendered deficient performance by failing to call a witness—Talton—whose testimony would have supported Movant's defense. According to Movant, counsel's failure prejudiced him because the jury was not given the opportunity to consider testimony that "contradicted" Victim's testimony and, had Talton been called, a reasonable probability exists that the result of trial would have been different. In response, the State asserts that the motion court did not err by denying Movant's motion because Movant failed to meet his burden of proving that trial counsel's decision not to call Talton was not based on trial strategy and that Movant suffered prejudice.

A defense counsel's decision not to call a witness is presumptively a matter of trial strategy and is "virtually unchallengeable." *Worthington v. State*, 166 S.W.3d 566, 577 (Mo. banc 2005). To show ineffective assistance for failure to call a witness, a movant must overcome this presumption by showing that (1) counsel knew or should have known of the witness's existence; (2) the witness could have been located through reasonable investigation; (3) the witness would have testified; and (4) the witness's testimony would have provided a viable defense. *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010). The only element at issue in this case is whether Talton's testimony would have provided a viable defense. In this regard, if a witness's testimony would not unqualifiedly support a defendant, failure to call such witness is trial strategy that will not support a claim of ineffective assistance. *Hamilton v. State*, 770 S.W.2d 346, 348 (Mo. App. E.D. 1989).

At the evidentiary hearing, defense counsel explained that he chose not to call Talton because Talton "didn't want to testify," Talton's unwillingness to testify rendered his testimony

4

problematic, and Talton's familial relationship with Movant would potentially affect Talton's credibility. Counsel's belief that Talton's testimony would have been problematic is buttressed by Talton's own testimony at the hearing. Mainly, Talton stated that Movant asked him to go to the police station to see if Victim was there and, upon reporting to Movant that he had seen Victim going into the station, Movant left and "was gone for several months." This testimony would have been detrimental to Movant's defense as evidence of Movant's guilt. *See State v. Moses*, 265 S.W.3d 863, 866 (Mo. App. E.D. 2008) (flight is probative of guilt). Talton also stated he was "worried" that if he testified he might lose access to his grandchildren, which suggests a motivation to provide testimony unfavorable to Movant. "An attorney is not ineffective for failing to . . . call a witness to testify who is unwilling to do so and who cannot be counted on to give testimony favorable to [the] client." *Clayton v. State*, 63 S.W.3d 201, 208 (Mo. banc 2001). Under these circumstances, we do not have a definite and firm conviction that the motion court clearly erred by finding that Talton's testimony could have harmed Movant's trial strategy. Rather, the record reflects that counsel's decision not to call Talton was based on reasonable trial strategy.

Movant, however, contends that counsel's decision not to call Talton as a witness was not reasonable trial strategy because Talton's testimony would have "contradicted" Victim's testimony. Assuming Talton had been willing to testify favorably to Movant, his testimony—that Movant does not own a gun, that he did not see Movant with a gun on the night in question, that he never saw any injuries on Victim, and that no physical violence occurred—would not have provided Movant with a viable defense. Nowhere in Talton's testimony does he indicate that he witnessed the entire altercation between Movant and Victim. Instead, Talton's testimony indicates that at one point in the evening, he heard "hollering," went back to the bedroom, and,

5

standing at the door, asked Movant and Victim if everything was "all right." That Talton did not see any physical violence, restraint, or use of a gun at this moment in time does not mean that such violence, restraint, or use of a gun never occurred. In other words, Talton's testimony is not inconsistent with Victim's and, as such, even if Talton had testified, his testimony would not have made Victim's testimony any less believable. "When defense counsel believes a witness' testimony would not unequivocally support [the] client's position, it is a matter of trial strategy not to call him, and the failure to call such witness does not constitute ineffective assistance of counsel." *Winfield v. State*, 93 S.W.3d 732, 739 (Mo. banc 2002). Accordingly, Movant has failed to overcome the presumption that counsel's decision constituted sound trial strategy.

Finally, even assuming Movant had established that counsel's performance was deficient, Movant has failed to establish that he was prejudiced as a result because the record reflects overwhelming evidence of Movant's guilt. Mainly, Movant admitted to police that he struck L.M. twice and Victim suffered bruises consistent with her version of events. Movant also engaged in numerous acts indicative of guilt: Movant absconded when he learned that Victim had gone to the police; Movant called the police station to ask what Victim had said and what charges would be made so he could "come up with bond money;" and, Movant offered Victim $2,000 to "just drop everything." *See Moses*, 265 S.W.3d at 866 (flight is probative of guilt); *State v. Seals*, 515 S.W.2d 481, 484 (Mo. 1974) (offer of money in attempt to fabricate evidence is probative of guilt). Moreover, because Talton's testimony was not inconsistent with Victim's testimony and would have been detrimental to Movant's defense, it is not reasonably probable that the outcome of the trial would have been different had Talton testified.

In sum, Movant has failed to overcome the presumption that defense counsel's decision not to call Talton as a witness was reasonable trial strategy and otherwise failed to establish that

6

he suffered prejudice as a result.  Under these circumstances, we cannot conclude that the motion court's denial of his post-conviction relief motion was clearly erroneous.  Point denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.