

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,

    Plaintiff-Respondent,

v.

JOSHUA EDWARD DONALD WEBB,

    Defendant-Appellant.

No. SD38427

**Filed: October 7, 2025**

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer Judge

**AFFIRMED**

Joshua Edward Donald Webb ("Defendant") was convicted of one count of delivery of a controlled substance and two counts of endangering the welfare of a child. He now appeals his convictions based on sufficiency of the evidence, as well as alleging plain error related to the jury instructions and the State's closing argument. Finding no error, plain or otherwise, we affirm.

### Facts and Procedural History

On June 22, 2019, law enforcement searched a house located at 501 Sagebrush in Kennett, Missouri while executing a search warrant for methamphetamine. Defendant

was living in the home with his girlfriend and her two children. They were all inside the home at the time of the search with four other individuals who said they were there for supper. Officers seized a small bag of approximately 20 grams of methamphetamine, an empty small bag with methamphetamine residue, and a digital scale that also had methamphetamine residue on it. Defendant was arrested after these items were found. Defendant was informed of his Miranda rights and then interviewed. He admitted everything in the house was his and that the children were present in the house where he had methamphetamine. Detectives spoke with some of the other individuals in the house along with Defendant's girlfriend, and none of them indicated the drugs belonged to them. One of the girlfriend's children attempted to take responsibility for the drugs, but later recanted. Defendant never indicated that he did not live in the house where the drugs were found.

Defendant was charged with one count of the class C felony of delivery of a controlled substance (§579.020)[1] and two counts of the class D felony of first-degree endangering the welfare of a child (§568.045). Defendant was convicted of all three counts and sentenced, as a prior and persistent offender, to fifteen years for Count I, ten years for Count II to run concurrently with the fifteen years, and seven years for Count III to run consecutively after the fifteen years. This appeal followed.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, as amended through January 23, 2024.

## Sufficiency of the Evidence

### *Standard of Review*

On a defendant's challenge to the sufficiency of the evidence to support their conviction, this Court determines "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." **State v. Riley**, 440 S.W.3d 561, 564 (Mo. App. 2014) (quoting **State v. Primm**, 347 S.W.3d 66, 72 (Mo. banc 2011)). We review the evidence "in the light most favorable to the verdict, considering all favorable inferences and disregarding all contrary inferences." **Id.** Appellate courts may "not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences." **State v. Moses**, 265 S.W.3d 863, 865 (Mo. App. E.D. 2008) (citing **State v. Whalen**, 49 S.W.3d 181, 184 (Mo. banc 2001)). However, this Court does not act as a "super juror" with veto powers over the jury's conviction, but greatly defers to the trier of fact. **State v. Gibbs**, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010) (citing **State v. Jones**, 296 S.W.3d 506, 509-10 (Mo. App. E.D. 2009)).

### Analysis

### *Point I*

Defendant argues in his first point on appeal there was insufficient evidence he possessed methamphetamine because "he was one of many people at the Sagebrush residence, there was no evidence he resided in the bedroom where the drugs were found or anywhere in the home, and the purported statement to Deputy [B.] did not supply sufficient evidence to support his conviction."

In Missouri, "[a] person commits the offense of delivery of a controlled substance if…he or she…(3) [k]nowingly possesses a controlled substance with the intent to distribute or deliver any amount of a controlled substance…." §579.020.1(3).[2] The minimum evidence constructive possession requires is that Defendant had access to and control of the premises where the methamphetamine was found. *State v. Morris*, 41 S.W.3d 494, 497 (Mo. App. E.D. 2000) (citing *State v. Withrow*, 8 S.W.3d 75, 80 (Mo. banc 1999)).

Defendant cites *Moses*, 265 S.W.3d 863, in support of his argument. In *Moses*, the court held the evidence was insufficient to support the defendant's conviction for possession of cocaine because the officers did not see the defendant in proximity to the drugs, and the drugs were not mixed with his personal belongings. *Id.* at 866. The police also arrested the defendant at a later time and there was no evidence that the drugs were present at the time of his arrest. *Id.* The defendant admitted only that he was aware of the presence of drugs in the residence, but not that he possessed them. *Id.*

This case is distinguishable from *Moses*. Unlike in *Moses*, Defendant was in the home when the police executed the search warrant and found the drugs. *See State v. McCall*, 412 S.W.3d 370, 375 (Mo. App. E.D. 2013) (distinguishing *Moses* for similar reasons while upholding convictions for manufacturing and possessing drugs). Additionally, Defendant was confronted with the presence of the methamphetamine in

---

[2] On appeal, Defendant only challenges the sufficiency of the evidence to support the "possession" element of the crime. Thus, the Court will not analyze the other elements of the charge found by the jury.

4

the home and affirmatively stated that "everything in the house was his." This is sufficient evidence to support that Defendant possessed the drugs.

Defendant further cites to *State v. Clark*, 490 S.W.3d 704 (Mo. banc 2016), and *Morris*, 41 S.W.3d 494. In *Clark*, the court found that evidence of the defendant's shoes being in close proximity to methamphetamine and defendant's joint access to the bedroom where the drugs were found was insufficient to support the defendant's conviction for possession. 490 S.W.3d at 712-13. In *Morris*, the court found that the defendant's ambiguous statement regarding the drugs found in the residence was insufficient to support his conviction for possession. 41 S.W.3d at 497-98. This case is distinguishable from both *Clark* and *Morris* because Defendant unambiguously stated that everything in the house was his and acknowledged that there were children in the home where his methamphetamine was found. Detectives also routinely saw Defendant at the house and in the garage prior to executing the search warrant. This evidence is sufficient to support the jury's finding that Defendant had access and control of the premises sufficient to support his conviction. Point I is denied.

*Points II and III*

In Points II and III, Defendant challenges his convictions for endangering the welfare of a child because there was insufficient evidence that he possessed the methamphetamine found at the home. A person commits the offense of endangering the welfare of a child if he or she:

5

> [i]n the presence of a child less than seventeen years of age or in a residence where a child less than seventeen years of age resides, unlawfully manufactures, or attempts to manufacture compounds, possesses, produces, prepares, sells, transports, tests or analyzes…amphetamine, or methamphetamine or any analogue thereof.

§568.045.1(4).

Defendant cites *State v. Kuhn*, 115 S.W.3d 845, 852 (Mo. App. E.D. 2003), which held that since the defendant was acquitted of charges of possession of methamphetamine, there was insufficient evidence for the jury to convict the defendant on endangering the welfare of a child charges. *Kuhn*, however, is inapplicable here as this Court has found that there was sufficient evidence to support Defendant's conviction for delivery of a controlled substance.

Further, the record shows there was evidence the children lived in the house with their mother and Defendant. The children were also inside the home when the search warrant was executed and the drugs and scale were found. The items were found in Defendant's bedroom and in the garage. Defendant admitted that "everything in the house was his," and admitted that he had children present in the house where he had the drugs. For these reasons and the reasons discussed in our analysis of Defendant's Point I, we find that there was sufficient evidence to support Defendant's convictions for endangering the welfare of a child. Defendant's Points II and III are denied.

6

## Plain Error

*Standard of Review*

Defendant acknowledges he failed to preserve both Points IV and V for appeal and requests plain error review. "Rule 30.20[3] is the exclusive means by which an appellant can seek review of any unpreserved claim of error, and said claim - no matter if it is statutory, constitutional, structural, or of some other origin - is evaluated by this Court's plain error framework without exception." *State v. Bodine*, 702 S.W.3d 514, 516 (Mo. App. S.D. 2024) (quoting *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020)). The decision as to whether to grant plain error review is within this Court's discretion. *Id.* (citing *State v. Perkins*, 640 S.W.3d 498, 501 (Mo. App. S.D. 2022)). Plain error review involves a two-step analysis:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

*Id.* (quoting *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022)). Defendant also must establish the error was outcome-determinative. *Id.* at 517 (citing *State v. Wood*, 580 S.W.3d 566, 579 (Mo. banc 2019)).

---

[3] Unless otherwise noted, all rule references are to Missouri Court Rules (2024).

7

**Analysis**

*Point IV (Verdict Director)*

Defendant argues the trial court plainly erred when the verdict director allowed the jury to consider joint possession in Instruction No. 5 because "there was insufficient evidence produced at trial to sustain a finding of joint possession." Defendant's trial counsel affirmatively stated "no objection" to Instruction No. 5 during the instruction conference. Defendant now argues that his trial counsel "inadvertently failed to object to the inappropriate language and the [S]tate took strategic, albeit brief, advantage." The language at issue in Instruction No. 5 is the following definition of "possessed":

> As used in this instruction, 'possessed' means that a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if the substance [sic] on his or her person or within easy reach and convenient control. A person who is not in actual possession has constructive possession if he or she has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons. ***Possession may also be sole or joint. If one person alone has possession of a substance, possession is sole. If two or more persons share possession of a substance, possession is joint.***

(emphasis added).

A review of the record in this case does not support that a manifest injustice or a miscarriage of justice occurred. Instructional error is rarely plain error, even when clear and obvious. ***State v. McKeown***, 699 S.W.3d 533, 535 (Mo. App. S.D. 2024) (citing ***State v. Oliver***, 655 S.W.3d 407, 414 (Mo. App. E.D. 2022)). In cases involving joint possession, additional evidence beyond access to and control of the premises is necessary to establish a connection between the drugs and Defendant. ***Morris***, 41 S.W.3d at 497

8

(citing ***Withrow***, 8 S.W.3d at 80). We consider the totality of the circumstances in deciding whether the additional evidence sufficiently supports joint constructive possession. *See **Id.*** at 497.

In this case, such evidence includes Defendant's living in the home, being present when the warrant was served, his admission that the drugs in the house were his and his personal belongings ("everything in the house") being discovered along with the drugs. ***Id.***; *see also **State v. Wiley***, 522 S.W.2d 281, 292-93 (Mo. banc 1975), *and **State v. Dethrow***, 674 S.W.2d 546, 550 (Mo. App. E.D. 1984). Considering the amount of evidence in the record that supports the conviction, Defendant has failed to establish that manifest injustice or a miscarriage of justice resulted, and we find that no error, plain or otherwise, occurred. Thus, we decline plain error review of Point IV.

*Point V (Burden-Shifting Closing Argument)*

During closing arguments, the State made the following assertion to the jury:

> They talked about all the people law enforcement could talk to, but they talked to Josh Webb. They interviewed him. He said, they're my drugs. I'll take it. No one else said they were their drugs. Anybody could have come in here and testified. We didn't, his girlfriend, [J.C.] is not in here saying, oh, they weren't his drugs. Nobody is.

Defendant alleges that this constituted "improper burden-shifting" and constituted plain error. We disagree.

A request for plain error review regarding a closing argument should "rarely be granted and is generally denied without explanation." ***State v. Howell***, 441 S.W.3d 217, 218 (Mo. App. S.D. 2014) (quoting ***State v. Hall***, 319 S.W.3d 519, 523 (Mo. App. S.D.

9

2010)). Defendant fails to establish how the prosecutor's statements here result in "improper burden-shifting" because, much like in *Howell*, the prosecutor was responding to issues the defense raised in their closing argument. *Id* at 219 ("[a] prosecutor is free to comment on the evidence and the credibility of a defendant's case during closing argument."). After Defendant's trial counsel argued in closing that there were other individuals present in the house whom the drugs could have belonged to, it was not improper for the State to respond by noting that none of those persons had come forward to claim ownership of the drugs, while the Defendant specifically had. Therefore, we find that no error, plain or otherwise, occurred and we decline to extend plain error review to Point V.

## Conclusion

The Judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J. WEST, J. – CONCURS