STATE of Missouri, Respondent,

v.

Orbria McCRACKEN, Appellant.

No. KCD26800.

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

James J. Wheeler, Keytesville, for appellant.

Robert A. Bryant, Prosecuting Atty., Carrollton, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Defendant appeals his conviction of a misdemeanor of having possession of 28.2 grams of marijuana. The jury was unable

---

to agree on punishment and the court fixed his punishment at one year in the county jail.

On this appeal, the defendant first raises the question of the sufficiency of the evidence to show defendant had exclusive possession of the marijuana.

The State's evidence showed the defendant to be a farmer, who was a widower, occupying his house with four of his children. Deputy Sheriff Edson went to defendant's farm home in November, 1971, with a search warrant. In searching defendant's house, the deputy opened a safe, kept in a closet in defendant's bedroom, and found a Tupperware jar containing a green leafy substance, a brass smoking pipe and cigarette papers. The deputy testified at the time he found these items the defendant was present.

The Deputy took the green leafy substance to Kansas City for a chemical analysis and there is no dispute it was found to be marijuana, cannabis sativa, a Schedule I controlled drug. Chemical analysis also found the residue of the same type of marijuana in the bowl of the pipe.

The State produced other evidence from a friend of the defendant, who had stayed in defendant's house, showing the defendant kept his bedroom door locked at all times.

The defendant testified in his own behalf and stated the safe was kept locked most of the time and the combination was kept in a dresser. The defendant stated the children knew how to get into the safe, but indicated they would have no reason to open the safe unless they wanted to obtain a birth certificate.

This court in State v. Funk, 490 S.W.2d 354 (Mo.App.1973) stated: "[i]n narcotics cases, the law has developed a policy that a person in exclusive control of premises will be deemed to have possession and control of any drug or related items found on those premises".

In this case, there was ample evidence from which the jury could have found, as they did, the safe in the closet of defendant's bedroom was in the defendant's exclusive possession. There was no evidence that any other person used this bedroom, and the evidence showing the defendant kept his bedroom locked would form ample basis for the jury to find this area of the house to be in the exclusive possession of the defendant.

The State introduced sufficient evidence to form the basis of a finding by the jury of exclusive possession of the drug in the defendant. This point is ruled against the defendant.

Defendant alleges error in the giving of Instruction 8, being the forms of verdict. By this instruction, the jury was given three possible forms of verdict, the first form containing a finding of guilt with a final sentence reading: "[w]e fix his punishment at ————"; the second form ending: "but are unable to agree upon the punishment". The third form was for a finding of not guilty.

Defendant complains of the second form of verdict in this instruction because it conflicts with Instruction No. 2 and read with the other instructions it is conflicting, confusing and constituted an invitation to the jury to disregard their obligation to assess punishment.

Instruction No. 2 told the jury it was to fix the punishment if they found the defendant guilty and gave the range of punishment the jury should consider.

In State v. Brown, 443 S.W.2d 805 (Mo. banc 1969), the court approved a form of instruction which told the jury if they were unable to agree upon punishment, then the court would assess the punishment. However, in *Brown,* the instruction approved was a very full instruction and told the jury, among other things: "[i]f, however, after due deliberation you have been able to and do agree upon the guilt of

the defendant but you are unable to agree upon the punishment to be assessed in this cause for such guilt, you may return into court a verdict which states that you have agreed upon the guilt of the defendant but are unable to agree upon the punishment for such guilt and, in that event, the Court may assess the punishment."

 Without giving the full instruction approved in *Brown,* the bare instruction given in this case by the second form of verdict would invite the jury to disregard its duty to fix the punishment, and would conflict with Instruction No. 2. The failure to give the full instruction, as approved in *Brown,* would constitute error. It is not necessary to develop this matter further, since the instructions to be given in a new trial will be governed by the approved criminal instructions.

The prosecuting attorney, in oral argument, conceded with commendable candor, the full instruction approved in *Brown* had not been given and indicated his concern as to the propriety of the second form of verdict being given without the full *Brown* instruction. Having found the second form of verdict to be error without having given the full *Brown* instruction, this cause must be reversed and remanded for a new trial.

The other points raised on this appeal are not likely to recur in a new trial, especially in view of the fact the instructions will be governed by the Missouri Approved Criminal Instructions, and for that reason need not be discussed here.

For the error noted, this cause is reversed and remanded for a new trial.

All concur.