**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Curtis OWEN, Defendant–Appellant.**

**No. 15104.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1988.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lew Kollias, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

On January 21, 1988, this district filed an opinion reversing and remanding the judgment. Thereafter, on February 11, 1988, this district denied respondent's motion for rehearing or to transfer to the Supreme Court. Respondent then filed an application for transfer with the Supreme Court. It sustained the application on March 15, 1988. On June 14, 1988, the Supreme Court entered the following order: "Cause retransferred to the Missouri Court of Appeals—Southern District." With the addition of this paragraph our original opinion is readopted. It is set out hereafter.

Defendant was charged with sale of marijuana. Following jury trial he was convicted and sentenced to five years' imprisonment.

An undercover policeman testified that he bought from defendant for ten dollars a bag represented as containing approximately one-fourth of an ounce of marijuana. An expert from the Regional Crime Lab testified that there were 3.29 grams or less than ⅛ of an ounce of marijuana in the bag.

The undercover officer also testified, over objection, that twelve days previous to the alleged sale for which defendant was charged, defendant arranged for the officer to purchase $110 worth of marijuana from another man. Defendant's participation was such that it indicated that defendant was also guilty of selling marijuana at that time.

The state contends that evidence of the transaction previous to the one charged "demonstrated that the appellant had a knowledge of drugs and had access to obtain drugs, and thus, was directly probative to the issues of intent and motive in the sale of the controlled substance with which he was charged." However that may be,

evidence of the prior transaction had little probative value and was so highly prejudicial that it should not have been received. Compare *State v. Collins*, 669 S.W.2d 933, 935–936 (Mo. banc 1984) (evidence of sale of marijuana the month previous to sale defendant charged with held prejudicial); *State v. Carter*, 475 S.W.2d 85 (Mo.1972); *State v. Reed*, 447 S.W.2d 533 (Mo.1969); *State v. Burr*, 542 S.W.2d 527, 530 (Mo. App.1976).

The judgment is reversed and the cause remanded for a new trial.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.