STATE of Missouri, Respondent,

v.

Tabitha TOMES, Appellant.

No. ED 94494.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 30, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 2011.

John D. James, James Law Group, LLC, St. Peters, MO, for appellant.

Chris Koster, Jayne T. Woods, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Tabitha Tomes (Defendant) appeals from a judgment of conviction for possession of a controlled substance, in violation of Section 195.202 RSMo 2000. The trial court sentenced Defendant to seven days in jail after a jury returned a guilty verdict and recommended a twenty-one-day sentence. Defendant asserts that the trial court erred in denying her motion for acquittal, because there was insufficient evidence to establish that she had knowledge of or control over the controlled substance. We reverse.

### Background

In November 2007, Defendant was charged with a class C felony, possession of a controlled substance, namely methamphetamine. The evidence at the 2010 jury trial showed the following, as relevant to the appeal.

On May 12, 2006, sheriff deputies responded to a report of an assault at 3190 Country View Lane (the house). Defendant stated that she had stabbed her brother, Kenneth Dinwiddle, to stop him from assaulting her ex-husband, Kevin Tomes. Although Defendant and Kevin Tomes were no longer married, they were residing together at the house and sharing

a bedroom in a reconciliation attempt. Defendant and Kevin Tomes were transported to the Sheriff's department to make statements relating to the assault.[1] The deputies entered the house to photograph and process the scene of the assault, which had occurred in Defendant and Kevin Tomes's bedroom. In the bedroom, the deputies discovered pieces of tin foil and a small plastic bag with white powder residue sitting inside an open manicure case[2] on Defendant's dresser. The white powder later tested positive for methamphetamine. The deputies also discovered a roll of foil behind the bed, and marijuana and paraphernalia in multiple locations throughout the house.

On cross-examination, the arresting deputy testified that because he had arrested Defendant for assault, he did not investigate who possessed the methamphetamine or take fingerprints from the manicure case, and he did not ask Defendant or Kevin Tomes about the methamphetamine. He agreed that, based on the information in his report, there would have been probable cause to charge possession of methamphetamine against both Kevin Tomes, if he lived in the room where the methamphetamine was found, and Dinwiddle, who was in the room at the time the drugs were found. The deputy testified that he was not in the courtroom during a preliminary hearing where Dinwiddle testified to bringing methamphetamine into the house. At the close of the State's evidence, Defendant moved for acquittal, arguing that there was insufficient evidence to prove that she possessed the methamphetamine; rather, the drugs were found in an open manicure case in a room to which three people had access. The court denied the motion.

For the defense, Kevin Tomes testified that because he and Defendant were attempting to reconcile, he was currently residing in the house with Defendant and sharing her bedroom. On the date in question, Dinwiddle had entered the house and gone immediately to Defendant and Tomes's bedroom by himself. After a few minutes, Tomes followed him in and noted that Dinwiddle was "sitting there in a chair just wide-eyed and huffing and puffing out of breath and just looked like a psycho," which gave Tomes the impression that Dinwiddle was under the influence of drugs. Tomes tried talking to Dinwiddle but he did not respond. Defendant and Tomes attempted to get Dinwiddle to leave, which led to the assault. Tomes testified that he had known Defendant for eighteen or nineteen years, and although she used marijuana to help relieve the symptoms of multiple sclerosis, he had never known her to use methamphetamine. Tomes admitted that he had used methamphetamine in the past and had experience with people who used methamphetamine, and thus was familiar with how people acted and appeared when using methamphetamine. At the end of evidence, Defendant again moved for acquittal, which the trial court again denied.

The jury found Defendant guilty of possession of a controlled substance, and recommended a sentence of twenty-one days in the Lincoln County jail. The trial court sentenced Defendant to seven days in jail, plus credit for time served. This appeal follows.

*Standard of Review*

■ We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was

---

1. It is unclear from the record whether Defendant was ever charged with assault.

2. The picture of the manicure case contained in the record showed a black leather-like case with silver nail scissors, clippers, and tweezers, a metal nail file, and a brush.

presented at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. *State v. Gibbs*, 306 S.W.3d 178, 181 (Mo.App. E.D.2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. *Id.*

### Discussion

In her sole point on appeal, Tomes argues the trial court erred in denying her motion for judgment of acquittal at the close of State's evidence and again at the close of all evidence, because there was not sufficient evidence to prove that she had knowledge of or control over the controlled substance. We agree.

■ Section 195.202 prohibits a person from possessing or having under his or her control a controlled substance. To sustain a conviction for possession of a controlled substance, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of this substance. *State v. Power*, 281 S.W.3d 843, 848 (Mo.App. E.D.2009). When, as here, actual possession is not at issue, the State must prove constructive possession by circumstantial evidence. *State v. Metcalf*, 182 S.W.3d 272, 274 (Mo. App. E.D.2006); *State v. Booth*, 11 S.W.3d 887, 891 (Mo.App. S.D.2000). In cases of circumstantial evidence, a conviction must still be supported by inferences that are strong enough to support a finding of guilt beyond a reasonable doubt. *State v. Waller*, 163 S.W.3d 593, 595–96 (Mo.App. W.D. 2005). Inferences must be based on facts established by proof. *Id.* at 595.

■ Constructive possession requires proof that a defendant had access to and control over the premises where the drugs were found. *Metcalf*, 182 S.W.3d at 275. In cases where the premises were jointly possessed, further evidence is required to connect a defendant to the controlled substance. *Id.* In determining the sufficiency of such evidence, we consider the totality of the circumstances, including: "routine access to the area where the substances are kept, the presence of large quantities of the substance at the arrest scene, admissions by the accused, being in close proximity to the substances or drug paraphernalia in plain view of the law enforcement officers, the mixing of defendant's personal belongings with the drugs, or flight by a defendant upon realizing the presence of law enforcement officials." *Id.*; *see also State v. Beggs*, 186 S.W.3d 306, 317 (Mo.App. W.D.2005).

■ Here, Defendant was not in exclusive control of the premises, and State failed to present sufficient facts to establish a plausible inference of constructive possession. *Metcalf*, 182 S.W.3d at 275. The only circumstantial evidence connecting Defendant to the controlled substance was that the manicure case where the methamphetamine residue was found was sitting on her dresser in her bedroom—a room shared with Kevin Tomes, an admitted former methamphetamine user, and most recently used by Dinwiddle, who was reportedly under the influence of drugs at the time.

Further, the deputies found only a small baggie containing methamphetamine residue, not a large quantity. Although the methamphetamine residue was found in Defendant's bedroom on her dresser, an area to which she naturally had routine access, she possessed the bedroom jointly with Kevin Tomes. Likewise, although the methamphetamine was found in an open manicure case on top of her dresser, the State neither presented any evidence showing to whom the manicure case belonged nor identified any characteristics of the manicure case indicating whether it belonged to a man or a woman. There

was no evidence that her personal belongings were commingled with the items containing methamphetamine. Even further, shortly before the discovery of methamphetamine, Dinwiddle was alone in the bedroom, and witness accounts of Dinwiddle's behavior indicated that he had ingested illegal substances prior to the altercation with Tomes and Defendant in which Defendant ended up stabbing Dinwiddle in this same bedroom. Defendant made no incriminating admissions regarding the methamphetamine, and the record shows that she cooperated with law enforcement officials. *Id.*

Although substantial amounts of marijuana were found throughout the house, the presence of marijuana in the house does not itself permit an inference that Defendant had knowledge of or control over the methamphetamine. *See State v. Bacon,* 156 S.W.3d 372, 377–80 (Mo.App. W.D.2005) (in reviewing sufficiency of evidence, we analyze each count separately; here, although evidence was sufficient to establish defendant's possession of marijuana, evidence was not sufficient to establish defendant's possession of cocaine).

Considering the totality of the circumstances, we simply do not find sufficient evidence to prove that Defendant constructively possessed the methamphetamine. *Metcalf,* 182 S.W.3d at 275; *Waller,* 163 S.W.3d at 595–96. We reverse and order that Defendant be discharged.

Point granted.

### Conclusion

The judgment of the trial court is reversed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., Concurs.