**STATE of Missouri, Respondent,**

v.

**Dominic MOSBY, Appellant.**

**No. ED 95155.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 2011.

Brocca Smith, MO Public Defenders Office, St. Louis, MO, for appellant.

Chris Koster, Robert J. Bartholomew, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Introduction

Dominic Mosby (Mosby) appeals his conviction for second-degree burglary. We affirm.

### Factual and Procedural Background

In June 2010, appellant Mosby was tried before a jury on charges of one count of burglary in the second degree, Section 565.020 [1], and one count of stealing, Section 570.030.

Viewed in the light most favorable to the jury's verdict, the following evidence was adduced at trial: On Friday, 15 May 2009, Scott Miller, the owner of Marketing Mat-

---

1. All statutory references are to RSMo (2006)   unless otherwise indicated.

ters, locked up his business office, set the security alarm, verified that all office windows were intact, and departed, leaving his Dell laptop computer inside the office. On the following Monday, 18 May 2009, Miller returned to his office and found that it had been burglarized. He saw that his window had been smashed in by a large rock, his laptop was gone, and there were blood stains and fingerprints around the window area inside. The door to his office was still locked and the door's motion detector had not been triggered, so the burglar must have entered and left the office through the broken window.

Miller called the police and St. Louis City Police Officer Dawn Albers was dispatched. Officer Albers photographed the crime scene and took samples of blood from a window blind. She then conveyed the blood samples to the crime lab for testing. On 28 July 2009, the crime lab notified Detective Timothy Torrence that Mosby's blood was at the crime scene along with some unidentified DNA. Detective Torrence put out a wanted on Mosby, and police released Mosby into his custody. Detective Torrence informed Mosby of the allegations against him, told Mosby his blood was found at the crime scene, and gave him the *Miranda*[2] warnings. Mosby gave a statement to Detective Torrence admitting that he regularly hung out around Miller's office building and that his blood might have been on Miller's office window. Mosby also gave police a DNA sample, and laboratory analysis of it confirmed that Mosby's DNA was present in the blood found on the window blind in Miller's office.

At trial, the jury heard live testimony from six different State witnesses, including complaining witness Scott Miller, crime scene police investigator Officer Albers, Detective Timothy Torrence, and DNA an-

alyst Jennifer Schoenholz. The jury also viewed photographs taken by Officer Albers at the crime scene. Mosby did not testify or present any evidence. An hour after the case was put to the jury, the jury returned a verdict acquitting Mosby of stealing but convicting him of second-degree burglary. On 30 June 2010, Mosby was sentenced as a prior and persistent offender to nine years of imprisonment.

### Point on Appeal

In his sole point on appeal, Mosby challenges the sufficiency of the evidence to sustain his second-degree burglary conviction. He argues that the State's evidence was insufficient to prove he knowingly entered the Marketing Matters office for the purpose of stealing. We disagree.

### Standard of Review

Appellate review of a challenge to the sufficiency of evidence supporting a criminal conviction is limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime. *State v. Tomes*, 329 S.W.3d 400, 402–403 (Mo. App. E.D.2010). We do not act as a "super juror" with veto powers over the conviction, but rather give great deference to the trier of fact. *State v. Jones*, 296 S.W.3d 506, 509–10 (Mo.App.E.D.2009). In applying this review standard, we accept as true all evidence supporting the jury's verdict, including all favorable inferences drawn from the evidence, and disregard all contrary evidence and inferences. *Tomes*, 329 S.W.3d at 403.

### Discussion

■ A person is guilty of second-degree burglary when he "knowingly enters un-

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

lawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Section 569.170. To convict Mosby of second-degree burglary, the jury was required to find beyond a reasonable doubt that Mosby knowingly unlawfully entered a business office owned by Scott Miller between 16 and 18 May 2009 for the purpose of stealing. On appeal, Mosby argues there was insufficient evidence for the jury to find that he knowingly entered Miller's office for the purpose of stealing. Specifically, Mosby claims the State's case against him was based on circumstantial evidence showing that, at some time prior to 18 May 2009, he was inside Miller's office, and on DNA evidence that did not show when the blood containing Mosby's DNA had gotten onto Miller's office blinds.

To support his claim, Mosby argues he could have been in Miller's office for legitimate reasons at some time prior to the burglary. But this "potentially innocent explanation" argument must fail under the applicable review standard, which requires us to disregard any potentially innocent explanation of the evidence and instead view it in the light most favorable to the verdict. *See Tomes*, 329 S.W.3d at 403; *State v. Goddard*, 649 S.W.2d 882, 884 (Mo. banc 1983). Evidence is sufficient to support guilt if any reasonable inference supports guilt, even if other "equally valid" inferences do not. *State v. Freeman*, 269 S.W.3d 422, 424–25 & n. 4 (Mo. banc 2008).

Additionally, Mosby argues that there was no eyewitness testimony placing him at the crime scene at the time of the burglary. Contrary to what Mosby suggests, however, reasonable inferences may be drawn from both direct and circumstantial evidence, *State v. Salmon*, 89 S.W.3d 540, 546 (Mo.App. W.D.2002), and circumstantial evidence alone can be sufficient to support a conviction. *State v. Mosely*, 873 S.W.2d 879, 881 (Mo.App. E.D.1994). In such cases, the evidence need not be absolutely conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence. *State v. Grim*, 854 S.W.2d 403, 406 (Mo.1993). If a jury is convinced beyond a reasonable doubt, so long as the evidence meets the minimal appellate standard required by due process, we need not disturb the result simply because the case depended wholly, mostly, or partially upon circumstantial proof. *Id.*

Here, there was evidence that Mosby's blood was found on a window blind of the window that was broken into, and that the window had been broken into to allow a burglar to enter and exit Miller's office. Further, Miller testified without objection that he had never seen Mosby before or given Mosby permission to enter his office, while Detective Torrence testified without objection that Mosby made a statement admitting that his blood could have been on the broken-into window. We find that evidence was sufficient to permit the jury to reasonably have found that Mosby had broken the window and had entered and exited the office through the broken window for the purpose of stealing. Mosby's point is denied.

### *Conclusion*

Drawing all reasonable inferences in the light most favorable to finding Mosby guilty of second-degree burglary and disregarding all contrary evidence and inferences, we find there was sufficient evidence adduced below to support Mosby's second-degree burglary conviction. The lower court's judgment is affirmed.

ROY L. RICHTER, C.J. and KELLY BRONIEC, SP.J., concur.