

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED101865 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher McGraugh |
| SHEROD PHILLIPS, | ) | |
| | ) | Filed: December 1, 2015 |
| Movant/Appellant. | ) | |

## OPINION

Sherod Phillips appeals the judgment of the Circuit Court of the City of St. Louis, convicting him, after a jury trial, of possession of a controlled substance and possession of drug paraphernalia with intent to use. In two points relied on, Phillips contends (1) that insufficient evidence was presented at trial to support his convictions, and (2) that the trial court abused its discretion in admitting evidence of uncharged drug transactions, namely police testimony that Phillips sold drugs from his residence in the days before the police executed a search warrant there, and empty capsules associated with heroin distribution that the police found outside his residence.

Finding no reversible error, we affirm.

**Factual and Procedural Background**

According to police testimony at trial, in October 2012 the St. Louis Metropolitan Police Department received a citizen tip regarding narcotics sales at a residence in the City of St. Louis. Acting on the tip, police conducted several surveillance operations of the residence. Through surveillance, police observed Phillips engage in hand-to-hand transactions outside the residence. During each transaction, police watched vehicles pull up to the residence, where Phillips then engaged in transactions with the individuals who emerged from the vehicles.

Patrol officers, computer inquiries, and other sources from the area all confirmed that Phillips was selling narcotics from his residence. Moreover, the police videotaped one transaction from across the street, and the video was played for the jury at trial. As the jury watched the videotaped transaction, one of the detectives who made the video identified one person shown in the video as a known heroin addict. Based on all this evidence obtained from surveillance of the residence, the police secured a search warrant.

On October 25, 2012, police executed the search warrant. In an upstairs bedroom, they found a clear plastic bag with one-tenth gram of heroin, a spoon, a syringe, a plastic straw for ingesting heroin, other clear plastic baggies containing a white powder presumed to be used to mix with the heroin in preparation for sale, and a box of sandwich bags. Also in that bedroom, police found mail addressed to Phillips; an earnings statement, job application, and GED certificate belonging to him; and clothing that police had seen Phillips wearing during the hand-to-hand transactions outside the residence.

At trial, one of the police detectives who executed the search warrant testified that the heroin found in the bedroom was consistent with someone using drugs, not selling them. In fact,

2

Phillips's grandmother testified that one of her sons, Phillips's uncle, lived with Phillips in the same upstairs bedroom in the residence at the time the search warrant was executed, and that Phillips's uncle had a substance abuse problem and later died from a heroin overdose. No one testified, however, that any of the items found upstairs belonged to Phillips's uncle. And on the back porch of Phillips's residence, police found a garbage bag containing hundreds of empty capsules commonly used by heroin dealers to distribute the narcotic.

## Point I: Sufficiency of the Evidence

In Point I, Phillips claims that insufficient evidence was presented at trial to support his convictions for possession of a controlled substance and possession of drug paraphernalia. Phillips contends that no reasonable juror could have found that Phillips constructively possessed a controlled substance and drug paraphernalia. Because Phillips's argument is refuted by the record, we find that the trial court did not err in determining that there was sufficient evidence to support Phillips's convictions.

We review a challenge to the sufficiency of the evidence only to determine whether the State introduced sufficient evidence at trial for a reasonable juror to have found that each element of the offense was established beyond a reasonable doubt. *State v. Bateman*, 318 S.W.3d 681, 687 (Mo.banc 2010). We accept as true all evidence and reasonable inferences favorable to the verdict, disregarding contrary evidence and inferences, "unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them." *State v. Whalen*, 49 S.W.3d 181, 184 (Mo.banc 2001).

Section 195.202[1] prohibits a person from "possess[ing] or hav[ing] under his control a controlled substance." Further, Section 195.233 forbids "any person to use, or to possess with intent to use, drug paraphernalia" for unlawful purposes such as to ingest heroin. To prove these possession offenses, the State must show "(1) conscious and intentional possession of [the controlled substance and paraphernalia], either actual or constructive, and (2) awareness of the presence and nature of the controlled substance [and paraphernalia]." *State v. Power*, 281 S.W.3d 843, 848 (Mo.App.E.D. 2009) ("We employ the same analysis when reviewing the question of whether [the defendant] possessed drug paraphernalia as when determining whether [the defendant] possessed a controlled substance."). Where, as here, there was no actual possession, the State must prove constructive possession. *State v. McCall*, 412 S.W.3d 370, 373 (Mo.App.E.D. 2013). Section 195.010(34) states that a person has constructive possession where he "has the power and the intention at a given time to exercise dominion or control over [a controlled substance or drug paraphernalia]." Section 195.010(34) also establishes that possession "may be sole or joint." Thus, to prove constructive possession, the State need only show that a defendant had joint access to and control over the premises where a controlled substance or drug paraphernalia was found. *See McCall*, 412 S.W.3d at 373.

Where, as here, the premises were jointly possessed, further evidence is required to connect the defendant to the controlled substance. *Id.* In determining whether there was sufficient further evidence, we consider the totality of the circumstances, searching the record for evidence of, for example, "routine access to the area where the substances are kept, the presence of large quantities of the substance at the arrest scene, admissions by the accused, [the accused] being in close proximity to the substances or drug paraphernalia in plain view of the law

---

[1] All statutory references are to RSMo 2000 unless otherwise indicated.

enforcement officers, the mixing of defendant's personal belongings with the drugs, [and] flight by a defendant upon realizing the presence of law enforcement officials." *Id.*

Here, the State presented sufficient evidence at trial to establish that Phillips constructively possessed both a controlled substance, heroin, and drug paraphernalia. According to police testimony at trial, when officers executed a search warrant at Phillips's residence, they found in an upstairs bedroom a clear plastic bag with one-tenth gram of heroin, a spoon, a syringe, and a plastic straw for ingesting heroin, other clear plastic baggies containing a white powder presumed to be used to mix with the heroin in preparation for sale, and a box of sandwich bags. Also in that bedroom, the police found mail addressed to Phillips; an earnings statement, job application, and GED certificate belonging to him; and the clothing that police had seen Phillips wearing during hand-to-hand transactions outside his residence. Such evidence indicates not only that Phillips had at least joint access to and control over the bedroom, but also that he had routine access to it and kept his personal belongings there in close proximity to heroin and drug paraphernalia. Thus, there was sufficient evidence for a reasonable juror to find that Phillips constructively possessed a controlled substance and drug paraphernalia.

Phillips contends, however, that the jury could not reasonably have concluded that he constructively possessed a controlled substance and drug paraphernalia because when the search warrant was executed, his uncle, a heroin addict, lived with him in the bedroom where the police found heroin and paraphernalia. Casting himself in the role of the innocent roommate of a drug addict, Phillips suggests that his uncle exclusively possessed the heroin and drug paraphernalia found in their shared bedroom. But in light of all the evidence in this case, the jury could reasonably have rejected Phillips's account of how the drugs and paraphernalia found their way into his bedroom. In addition to the heroin and drug paraphernalia found in the bedroom, police

5

found on the back porch of Phillips's residence a garbage bag containing hundreds of empty capsules commonly used by heroin dealers to distribute the narcotic. There was no testimony or evidence that Phillips's uncle was a drug dealer, and Phillips has failed to explain why the jury could not reasonably have concluded that the heroin capsules found outside the residence belonged to him, or why, from that conclusion, the jury could not reasonably have inferred that the heroin and drug paraphernalia in the shared bedroom also belonged to Phillips.

Moreover, police testimony at trial that Phillips sold heroin outside the residence further strengthened any inference that the bedroom heroin and paraphernalia belonged to Phillips. As noted above, police testified that they received a citizen tip regarding narcotics sales at Phillips's residence; that they conducted several surveillance operations of the residence and observed Phillips engage in hand-to-hand transactions with known heroin addicts; and that patrol officers, computer inquiries, and other sources from the area all confirmed that Phillips was selling narcotics from his address. To buttress this testimony, police even presented to the jury a videotape of one of the transactions at the residence.

Faced with all this incriminating evidence, Phillips fails to explain why the jury still could not reasonably have concluded that he constructively possessed the heroin and drug paraphernalia in his bedroom. Considering the totality of the circumstances, there was sufficient evidence for a reasonable juror to conclude that Phillips had both the power and the intention to exercise dominion or control over the heroin and drug paraphernalia found in his bedroom and outside his residence. Point I is denied.

## Point II: Evidence of Uncharged Drug Transactions

In Point II, Phillips asserts that the trial court abused its discretion in admitting evidence of uncharged drug transactions, namely the police testimony that Phillips sold drugs from his residence in the days before the police executed a search warrant there, and the empty capsules that the police found outside his residence. Phillips argues that this evidence of uncharged drug sales was irrelevant and unfairly prejudicial and should have been excluded. We find, however, that the trial court did not abuse its discretion in determining that the evidence was relevant and admissible because it tended to show that Phillips knowingly and intentionally possessed a controlled substance, thus providing a more complete and coherent picture of Phillips's charged possession offenses.

The trial court is vested with broad discretion in determining the admissibility of evidence, and we will not disturb its ruling absent a clear abuse of that discretion. *State v. Johnson*, 207 S.W.3d 24, 42 (Mo.banc 2006). A trial court abuses its discretion when its ruling is "clearly against the logic of the circumstances then before the court, and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. *State v. Roggenbuck*, 387 S.W.3d 376, 382 (Mo.banc 2012). We review the trial court for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Forrest*, 183 S.W.3d 218, 223-24 (Mo.banc 2006).

Generally, "proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial." *State v. Vorhees*, 248 S.W.3d 585, 587 (Mo.banc 2008). The rationale for this rule is that "evidence of other crimes, when not properly related to the cause on

trial, violates defendant's right to be tried for the offense for which he is indicted." *Id.* Where evidence of uncharged crimes *is* properly related to the cause on trial—i.e., where it is both logically and legally relevant—it may be admitted under one of the several well-established exceptions to the rule. *See State v. Adams*, 443 S.W.3d 50, 55 (Mo.App.E.D. 2014). Evidence is logically relevant if it "tends to establish guilt for the charged crime," and legally relevant if it has "probative value [that] outweighs its prejudicial effect." *Id.* Logically and legally relevant evidence of uncharged crimes may be admitted "to establish motive, intent, the absence of mistake or accident, a common plan or scheme, or the identity of the person charged with the commission of the crime on trial." *Id.* Further, relevant evidence of uncharged crimes that are "part of the sequence of events or circumstances surrounding the charged offense" may also be admitted "to present a complete, coherent picture of the overall events." *State v. Whitaker*, 405 S.W.3d 554, 559 (Mo.App.E.D. 2013) (citing *State v. Miller*, 372 S.W.3d 455, 474 (Mo.banc 2012)).

Here, the evidence of uncharged drug sales was properly related to the causes on trial: whether Phillips unlawfully possessed a controlled substance and drug paraphernalia. The evidence was both logically and legally relevant. Logically, if Phillips sold drugs, he at least constructively possessed them around the same time. Thus, with regard also to *legal* relevance, evidence of the uncharged drug sales was highly probative of Phillips's guilt for the charged possession offenses. More important, the evidence did not clearly subject Phillips to any danger of unfair prejudice. Unlike in a drug-distribution case where evidence of uncharged drug sales is introduced to prove that the defendant committed the charged sale—as in the two cases Phillips cites, *State v. Parker*, 988 S.W.2d 93 (Mo.App.S.D. 1999), and *State v. Owen*, 753 S.W.2d 114 (Mo.App.S.D. 1988)—here there was no chance that the jury would be misled by evidence of the

8

uncharged sales into convicting Phillips of a charged drug offense without sufficient proof. As we determined in denying Point I, the proof here was undoubtedly sufficient to convict Phillips of the charged possession offenses. Moreover, because the proof of the uncharged drug sales entirely overlapped the proof of Phillips's charged possession offenses, here—unlike in *Parker* and *Owen*—proof of the uncharged crimes would have been sufficient to prove the charged ones. Indeed, any prejudice toward Phillips posed by the evidence of his uncharged drug sales could only have been due prejudice as opposed to unfair prejudice, because evidence of the uncharged sales, like other admitted evidence, proved that Phillips knowingly and intentionally possessed a controlled substance.

Based on essentially this same reasoning, Missouri courts have repeatedly held that "when a defendant has been charged with possession or distribution of a controlled substance under Section 195.211, evidence of the defendant's contemporaneous possession of other drugs, weapons, money, or drug paraphernalia is relevant and admissible to show that the defendant knowingly and intentionally possessed the controlled substance." *State v. Watson*, 391 S.W.3d 18, 21 (Mo.App.E.D. 2012). This Court determined in *State v. Flenoid*, 838 S.W.2d 462, 467-68 (Mo.App.E.D. 1992), that even where the defendant is prosecuted *only* for possession, evidence of the defendant's sales of a controlled substance is relevant and admissible to prove that the defendant knowingly and intentionally possessed the controlled substance. In *Flenoid*, we found evidence of a beeper and cash to be relevant, not only to show that the defendant was a drug dealer who knowingly and intentionally possessed cocaine, but also to provide a complete, coherent picture of the charged possession offense. *Id.* Here we see no reason—and cannot find one in *Flenoid*—to treat the police testimony about Phillips's uncharged drug sales any differently than we treated the physical evidence of a beeper and cash in *Flenoid*. In both cases,

9

the challenged evidence of uncharged drug sales tended to show that the defendant knowingly and intentionally possessed a controlled substance.

In such circumstances, there is no threat that evidence of uncharged drug sales was unfairly presented to show that the defendant had a propensity to commit the crimes for which he stood trial; instead, the evidence was used to show that the defendant *actually committed* the crimes for which he stood trial, regardless of whether he had a natural tendency to possess controlled substances and drug paraphernalia. In Phillips's case, evidence of the uncharged sales established his intent to possess a controlled substance and drug paraphernalia around the same time as the sales, thus furnishing a more complete, coherent picture of the overall events surrounding his possession offenses. Accordingly, under at least two of the exceptions to the general rule against admitting evidence of uncharged crimes, the trial court properly admitted evidence of the uncharged drug sales. Point II is denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and

Lawrence E. Mooney, J. concur