James M. Dowd, Judge
Diangleo Shockley appeals the judgment entered upon his conviction following a *514 jury trial in the Circuit Court of Cape Girardeau County of possession of a controlled substance with intent to distribute, possession of marijuana, possession of drug paraphernalia with intent to use, unlawful possession of a firearm, and unlawful use of a weapon. Defendant contends that insufficient evidence was presented to support the jury's verdict as to each of his convictions.
Finding no reversible error, we affirm.
Factual and Procedural Background
In September 2014 Defendant and his brother, Antoine, began renting a house located in Perryville, Missouri. A couple weeks after the lease was signed Defendant requested the landlord install a lock on his bedroom door because he "didn't want his brother to be able to get in his room." The landlord installed the lock.
On January 14, 2016, acting pursuant to a tip concerning an illegally-owned weapon on the premises, the Perry County Sheriff's Department obtained and executed a search warrant on the Perryville residence. Antoine was present at the time of the search, Defendant was not. During the search an officer noticed that Defendant's bedroom was locked and requested a key from Antoine, who stated he did not have one. The officers were unable to find a key so they forced the door open. In Defendant's bedroom officers found three small plastic bags containing methamphetamine, as well as marijuana pipes, a digital scale, a partially smoked marijuana cigarette, and a locked safe. Antoine stated he did not know the combination to the safe. So, after obtaining a second search warrant, officers opened the safe wherein they found $8,070 in cash, paperwork addressed to Defendant and Antoine, a prescription in Antoine's name, and a handgun.
Defendant was charged with possession of a controlled substance (methamphetamine) with intent to distribute in violation of Section 195.211[1] (Count I); unlawful possession of a firearm in violation of Section 571.070 (Count II); unlawful use of a weapon in violation of Section 571.030 (Count III); possession of a controlled substance (marijuana) in violation of Section 195.202 (Count IV); and possession of drug paraphernalia with intent to use in violation of Section 195.233 (Count V).
The jury found Defendant guilty on all counts. The trial court sentenced Defendant to the following concurrent terms: ten years on Count I, five years on Count II, two years on Count III, one year on Count IV, and one year on Count V. This appeal follows.
Standard of Review
In reviewing challenges to the sufficiency of the evidence, this Court must determine whether sufficient evidence was presented from which a reasonable juror could find a defendant guilty beyond a reasonable doubt. State v. Phillips, 477 S.W.3d 176, 179 (Mo.App.E.D. 2015). The evidence, and all reasonable inferences drawn therefrom, is viewed in the light most favorable to the jury's verdict. Id.
Discussion
The State was required to prove Defendant knowingly possessed the prohibited items relating to each offense for which he was charged. Possession in this context can be either actual or constructive. State v. Moses , 265 S.W.3d 863, 865 (Mo.App.E.D. 2008). The State does not contend that the facts support actual possession in this case. Accordingly, we review only for constructive possession.
*515 To prove constructive possession the State must establish, at a minimum, evidence that defendant had access to and control over the premises where the proscribed items were found. State v. Purlee, 839 S.W.2d 584, 588 (Mo. banc 1992). Exclusive control over the premises is enough to raise an inference of possession and control. State v. Buford , 907 S.W.2d 316, 318 (Mo.App.E.D. 1995). However, while exclusive control over the premises can be sufficient to prove possession and control, in cases of joint possession, further evidence is necessary to connect the defendant to the contraband. State v. Morris , 41 S.W.3d 494, 497 (Mo.App.E.D. 2000).
In the present case the evidence was sufficient for a reasonable juror to conclude that Defendant had exclusive control over the locked bedroom, where all of the seized items were found. The landlord testified that Defendant requested a lock be placed on his door so he could keep his brother out of his room. The landlord also testified that the lock installed on Defendant's door required a key to gain access to the bedroom. Officer Jason Kelley testified that Defendant's room was locked when the police arrived, and that officers had to break down the door to access the room since Antoine stated he did not have a key, and officers found no key which would allow entry into the bedroom. The landlord testified that after the police search he found the door to Defendant's room off its hinges and that the lock appeared to be the same one he previously installed at Defendant's request.
Defendant points to a medical prescription bearing Antoine's name and certain documents addressed to Antoine found in the safe as proof that Defendant did not have exclusive control over the room. However, this evidence does not preclude us from holding that, on this record, a reasonable juror could find Defendant had exclusive control over the room. See State v. Carouthers , 714 S.W.2d 867, 869 (Mo.App.E.D. 1986) (finding defendant had exclusive control over apartment where marijuana was found despite evidence that his girlfriend had been staying in the apartment); State v. McCracken , 518 S.W.2d 229, 229 (Mo.App. 1974) (finding the state introduced sufficient evidence to establish safe, found in defendant's room, was in exclusive control of defendant despite fact that children knew how to access the safe and their birth certificates were in the safe).
Thus, we find there was sufficient evidence from which a reasonable juror could find the bedroom, and by extension the safe, was in Defendant's exclusive control. Because Defendant had exclusive control over the room he had constructive possession of the items found therein. Accordingly, Defendant's four points are denied.
Conclusion
For the reasons stated above, we affirm the judgment of the trial court.
Lawrence E. Mooney, J., and Sherri B. Sullivan, P.J., concur.

Unless otherwise indicated all statutory references are to RSMo (2016).